### JAMES GRIFFIN *v.* COTTON K. SIMPSON & AL.

In an action of assumpsit against two defendants, which was tried by the court, the plaintiff, after a verdict against him upon the ground that a joint promise was not proved, cannot amend by striking out one of the defendants.

ASSUMPSIT, on account annexed, to which defendants pleaded, severally, the general issue.

By agreement of parties this case is tried by the court. And, after hearing the parties, their proofs, and arguments, on Wednesday, the court on Friday morning announced its conclusion, that the action was not sustained by the proof against the two defendants jointly.

The counsel for the plaintiff then moved that the court in its discretion would permit the plaintiff at that time to move to strike out the name of one of the defendants, John Simpson, on payment of his costs. The court, doubting upon the exercise of such discretion, reserves that question for decision at the Law Term.

If the court at the Law Term shall be of opinion that such discretion

cannot be properly exercised, the court here finds that the defendants did not promise as the plaintiff has declared.

If the court at the Law Term shall be of opinion that the motion may be properly granted, the court here allows the motion, and finds that the said Cotton K. Simpson did promise in manner and form as the plaintiff has declared, and assesses damages in the sum of fourteen dollars.

*Fowler & Chandler*, for plaintiff.

*Marshall & Chase*, for defendants.

BELLOWS, J.   It appears that the action is assumpsit against the two defendants upon a joint promise, and that, upon a trial before the court, the verdict was that no such joint promise was made ; and after the announcement of this finding, the application to amend by striking out one of the defendants was made.

But it does not appear that the failure to find a promise by the one who is proposed to be stricken out was on account of anything personal to him, as infancy, subsequent discharge, or the like ; nor can anything of that nature be presumed, as it may be where the court have proceeded to render a judgment against one only.

It is, then, the ordinary case of a suit against two or more upon a joint promise, and service upon all, and a failure to establish such joint promise upon the ground that one or more did not join in it ; and the question is, whether, under the general provision in the Revised Statutes authorizing amendments in matters of substance, the court have power to grant leave to amend by striking out one of the defendants at this stage of the proceedings, that is, after the testimony has been closed, and a finding had been announced, equivalent, as we think, to the verdict of a jury.

Whether the law authorizing amendments in matters of substance is broad enough to reach the case of a misjoinder of parties defendant, or not, we think it was not designed to interfere with the course of the court in respect to the time when amendments might be made, or to provide for setting aside verdicts of the court or the jury, to enable such amendments to be made.

On the contrary, the change in the law points strongly against such a view.   By the law of July 4, 1834, it was provided that if it appear on trial by confession or otherwise, that one of the defendants was not liable, he should be discharged, and the cause proceed against the others ; whereas by section 19, of ch. 186, of the Revised Statutes, the right to amend was limited to a time before the evidence was closed ; and, doubtless, to avoid the anomalous proceeding of allowing the plaintiff to amend his writ after the verdict of a jury, by striking out the names of some of the defendants, and going again to the jury upon an amended writ.

Such a proceeding, we think, might well be regarded by the Legislature as unwise, especially when the plaintiff had seen fit to take the risk, upon the proofs adduced, of a verdict of the jury.

This limitation is explicit, and leaves no room for doubt as to the legislative intention; and that intention is wholly inconsistent with any construction of the authority to amend in matters of substance, that would allow the plaintiff to strike out one or more defendants after verdict.

Unless, then, a distinction exists between a trial by the jury, and one by the court, the views we have suggested are decisive of the question. But no such distinction is suggested or perceived. The power to amend in this way is to be exercised before the evidence is closed, and from the nature of the case it can make no substantial difference whether the triers be the court or jury.

Having chosen to take the opinion of the triers without asking for an amendment, he must, in accordance with the plain intent of the Legislature, be bound by it.

This result is reached without considering the effect of the provision authorizing amendments in matters of substance, provided application was seasonably made. Upon that point the argument of the plaintiff's counsel is able and ingenious, but we think there is nothing in the language of this provision that can control the manifest purpose of sec. 19, or extend the plaintiff's right to an amendment after the verdict of the court.

There may be cases of a peculiar character, where the court, in the exercise of a sound discretion, would set aside a verdict in order to give a party defendant an opportunity to plead, or a plaintiff an opportunity to amend; and the same might be said of a finding by the court. But, however this may be, the court would not, in any ordinary case, set aside such verdict or finding in order to allow the plaintiff to strike out a party defendant; for this, we think, would not be in accordance with the declared purpose of the Legislature.

It is also contended that, upon common law principles, the plaintiff, in an action *ex contractu* against two or more defendants, where they sever in their pleas, may discharge such as are found not to have promised, and take judgment against the rest, upon the ground that if one of such defendants for any reason prevail on the trial of the issue, it shall be regarded as a matter personal to himself. But we think that the distinction between a failure to prove a joint contract in which the particular defendant participated, and a matter of defence arising out of a discharge in bankruptcy, infancy, or other thing personal to himself, is too well settled at common law, to be shaken; the general rule being, as we think, well established, that the judgment cannot be rendered against one defendant without the other.

This doctrine has often been recognized by our courts. *Peebles* v. *Rand*, 43 N. H. 337, and cases cited; *Bowman* v. *Noyes*, 12 N. H. 311; *Pillsbury* v. *Cammett & al.* 2 N. H. 283.

It is contended, also, that the allowance of amendments in matters of substance was first introduced in the Revised Statutes; but it will be remembered that in the rules of court, certainly as far back as 1833, the same provision was made; 6 N. H. Rep. 578.

Our conclusion, then, is that the amendment ought not to be allowed and that there must be.

*Judgment for the defendants.*